NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-424

COMMONWEALTH

vs.

JAMES E. JONES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On appeal from his convictions for possession with intent to distribute cocaine and heroin, respectively, the defendant challenges the sufficiency of the evidence, and claims error in the denial of his motion to sever his trial from the trial of two codefendants.  We discern no cause to disturb the judgments, addressing the defendant's claims in turn.

1.  Sufficiency of the evidence.  "Challenges to the sufficiency of the evidence are evaluated under the Latimore standard, that is, whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'"  Commonwealth v. Witkowski, 487 Mass. 675,

679 (2021), quoting Commonwealth v. Latimore, 378 Mass. 671, 677 (1979).[1]

The defendant contends that the evidence was insufficient to connect him to the drugs found in the apartment from which police seized them, during execution of a search warrant. Because the drugs were not found on the defendant's person, he was tried on a theory of constructive possession. Police surveillance of the apartment for which the search warrant issued revealed significant evidence that drugs were being sold from the apartment.[2] The defendant was present in the apartment at the time police executed the warrant, seized the drugs and other evidence, and arrested the defendant and the three codefendants.[3] Though mere presence in a place where drugs are discovered is not enough to support an inference of possession of the drugs, "the defendant's presence, coupled with a 'plus

---

[1] The defendant moved for a required finding at the close of the Commonwealth's case and renewed the motion at the close of all the evidence. Because the defendant and his codefendants did not introduce any evidence, the Commonwealth's case did not deteriorate, and the question before us rests solely on the state of the evidence at the close of the Commonwealth's case.

[2] During the three-week surveillance period, police observed numerous instances in which people (most of whom appeared to be drug users) would approach the apartment, knock on the door, go inside briefly, and then leave.

[3] In addition to large quantities of narcotics seized from the apartment, police also found firearms, ammunition, drug packaging materials, a digital scale, and a police scanner.

factor,' i.e., other incriminating evidence, may suffice." Commonwealth v. Bienvenu, 63 Mass. App. Ct. 632, 638 (2005), quoting Commonwealth v. Ortega, 441 Mass. 170, 174 (2004).

Viewed together, several elements of evidence presented in the present case combine to furnish the requisite "plus factor" to support an inference of possession. At the time of his arrest, the defendant was in possession of a large sum of cash -- $4,325 on his person, and $1,923 in the bedroom in which he was found.[4] The Commonwealth offered testimony of an expert witness, who explained that drug distribution is a cash business, that a drug distributor often has large sums of money in their possession, and that (by contrast) drug users typically do not have large sums of money in their possession.[5] Moreover, the expert testimony suggested that the supervisor of a drug distribution ring typically would be the person holding the

---

[4] The cash was in denominations "mostly of $20 bills." Expert testimony revealed that that denomination was consistent with the typical price paid for crack cocaine packaged for individual sale.

[5] The defendant's attempt to compare the circumstances of the present case to those in Commonwealth v. Sepheus, 468 Mass. 160, 166, 168 (2014), is inapt; the amount of cash ($312) held by the defendant in that case was "not a particularly large sum." Id. at 166. The amount of cash held by the defendant in the present case, by contrast, is in fact "unusual for law-abiding persons to carry . . . on their person." Id. Moreover, the circumstances in which police apprehended the defendant in Sepheus did not involve indicia of an ongoing large scale drug distribution similar to that in the present case. See id. at 161-163.

3

cash, and the observed level of distribution activity from the apartment, see note 2, supra, together with the other evidence seized from the apartment, see note 3, supra, support the inference that the apartment housed a significant drug distribution operation, in which the defendant was a participant.[6]

2. Motion to sever. "When criminal charges against two or more individuals 'arise out of the same criminal conduct,' it is presumed that those individuals will be tried together." Commonwealth v. Smith, 418 Mass. 120, 125 (1994), quoting Mass. R. Crim. P. 9 (b), 378 Mass. 859 (1979).

> "Two or more defendants may be joined in the same indictment or complaint if the charges against them arise out of the same criminal conduct or episode or out of a course of criminal conduct or series of criminal episodes so connected as to constitute parts of a single scheme, plan, conspiracy or joint enterprise."

Mass. R. Crim. P. 9 (b). "If it appears that a joinder of offenses or of defendants is not in the best interests of justice, the judge may upon his own motion or the motion of either party order an election of separate trials of counts, grant a severance of defendants, or provide whatever other

---

[6] We note as well that, during execution of the warrant, police discovered rent receipts for the apartment in the name of "C. James." While the name on the receipts does not match the defendant's, as the Commonwealth observes no one else connected to the apartment had the name "James," and the name had no resemblance whatsoever to the names of any of the apartment's other apparent occupants.

4

relief justice may require." Mass. R. Crim. P. 9 (d) (1). "The decision to sever defendants is vested in the discretion of the trial judge." Commonwealth v. Kindell, 44 Mass. App. Ct. 200, 205 (1998). "Abuse of discretion occurs when the prejudice to the party asking for severance is so overwhelming that it prevents a fair trial." Id.

"Neither of the conditions for mandatory severance obtained in this case. First, there were no damaging statements by a codefendant who was not available for cross-examination." Kindell, 44 Mass. App. Ct. at 205. Indeed, no statements made by codefendants Mitchell or McCloy were introduced, let alone statements that were at all damaging to the defendant; instead, the codefendants supported each other's defenses, and shared a common approach to raising reasonable doubt. See Smith, 418 Mass. at 126 (severance properly denied where "defenses presented by the defendant[s] . . . were, for the most part, united and common"); Commonwealth v. Mahoney, 406 Mass. 843, 849 (1990) (severance properly denied where defendants "substantively shared a common approach to raising a reasonable doubt"). In addition, the codefendants "had not adopted mutually antagonistic defenses, i.e., the one did not point his finger against the other." Kindell, supra at 205-206. Instead, they all denied knowledge and possession of the drugs and firearms.

5

We discern no factual inaccuracy or abuse of discretion in the assessment expressed by the trial judge that "none of [the defendants] specifically state that they will rely on a mutually antagonistic defense . . . [f]urther, no individual defense appears to preclude the acquittal of any other defendant. . . . [T]he [trial judge] is not convinced that the defendants are necessarily hostile to one another."  The trial judge also properly determined that "this is not a case for severance where the Commonwealth charges all three defendants with the same criminal conduct."

Judgments affirmed.

By the Court (Green, C.J., Walsh & Smyth, JJ.[7]),

Assistant Clerk

Entered:  April 30, 2024.

---

[7] The panelists are listed in order of seniority.